IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DON KING PRODUCTIONS, INC.,

Plaintiff

v.

RENÉ CAMACHO, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM, TRANSACTING BUSINESS AS "RESTAURANT AMIGOS DE RENÉ," ABC INSURANCE COMPANIES,

Defendants

CIVIL 04-2099 (JAG)

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN RELATION TO DEFAULT JUDGMENT AGAINST DEFENDANTS RENÉ CAMACHO, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM, D/B/A "RESTAURANT AMIGOS DE RENÉ"

On October 13, 2004, Don King Productions, Inc., filed an action against, René Camacho, his wife Jane Doe and the conjugal partnership between them, d/b/a "Restaurant Amigos de René." Plaintiff was the producer and copyright holder of the closed-circuit telecast of the December 13, 2003 championship boxing match between Bernard Hopkins vs. William Joppy, including the undercard or preliminary bouts. The telecast was not intended for the use of the general public. This action arises under Section 705 of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605 (the "Statutes"). Subject matter jurisdiction is proper under 28 U.S.C. §1331 and 47 U.S.C. §605.

CIVIL 04-2099 (JAG)                              2

Defendants were served with summons and copy of the complaint on November 17, 2004. Upon the failure of defendants, René Camacho, his wife Jane Doe and the conjugal partnership between them, d/b/a "Restaurant Amigos de René," to timely file an answer to the complaint or otherwise plead, plaintiff requested that default be entered against defendants. On December 20, 2004 the court entered default against the defendants René Camacho, his wife Jane Doe and the conjugal partnership between them, d/b/a "Restaurant Amigos de René."

On January 26, 2005, plaintiff filed a motion requesting judgment by default, with an memorandum of law in support thereof and exhibits thereto. The matter was referred to me for the setting of a hearing on damages. Such an evidentiary hearing was held on February 18, 2005, and the testimony of Adalgisa Pérez Andreu was heard in relation to the issue of damages.

Having considered the motion requesting judgment by default, memorandum of law in support thereof, accompanying exhibits, and the testimony of February 18, 2005, as well as the relevant statutory authority on damages, 47 U.S.C. § 605 et seq., I find as follows:

The plaintiff has established through competent evidence, especially the testimony of attorney Adalgisa Pérez Andreu, that actual and statutory damages are appropriate as a result of defendants' illegal misappropriation of plaintiff's transmission. The evidence further clearly established through Mr. Skip Klauber's affidavit and the affidavit of investigator Mr. Saúl Feliciano a willful violation of the

CIVIL 04-2099 (JAG)                               3

Communications Act of 1934, as amended, 47 U.S.C. § 605(a)(3)(C)(i) and 47 U.S.C. § 605(a)(3)(C)(ii), for the direct or indirect commercial benefit of the defendants.

In an effort to discourage and punish defendants for the violations, the court shall assess damages for the actual costs of the license had it been procured the day of the fight plus flat statutory damages under 47 U.S.C. § 605(a)(3)(C)(i) and 47 U.S.C. § 605(a)(3)(C)(ii) plus attorney's fees and costs. Those amounts are $375 plus $10,000, and attorney's fees in the amount of $2,700. The defaulted defendants should note that upon further violations of the Communications Act, the court could feasibly consider imposing the maximum amount of damages of ONE HUNDRED THOUSAND DOLLARS ($100,000). In view of the above, it is recommended that the court enter the following findings and judgment

It is hereby ORDERED and ADJUDGED as follows:

1. This court has personal jurisdiction over the parties and the subject matter herein;

2. The default entered by the United States District Court of Puerto Rico against the Defendants René Camacho, his wife Jane Doe and the conjugal partnership between them, d/b/a "Restaurant Amigos de René" is reaffirmed and plaintiff will recover the amount of $23,355, as detailed below, together with statutory interest thereon from the date of this order of default judgment, for which let execution issue:

CIVIL 04-2099 (JAG)                    4

    a. Statutory damages pursuant to 47 U.S.C. § 605(a)(3)(C)(i) in the amount of $10,000 plus $375, representing the actual costs of the license had it been legally procured the day of the fight, for a total in the amount of $10,375;

    b. Statutory damages pursuant to 47 U.S.C. § 605(a)(3)(C)(ii) as a result of defendants committing such acts willfully and for direct or indirect commercial advantage in the amount of $10,000;

    c. Attorney's fees in the amount of $2,700 and costs in the amount of $280, for a total attorney's fees and costs of $2,980.

## JUDGMENT

JUDGMENT is hereby entered in favor of DON KING PRODUCTIONS, INC., Plaintiff, against RENÉ CAMACHO, HIS WIFE JANE DOE AND THE CONJUGAL PARTNERSHIP BETWEEN THEM, doing business as "RESTAURANT AMIGOS DE RENÉ," defendants, as follows:

    1) Statutory damages pursuant to 47 U.S.C. § 605(a)(3)(C)(i), in the amount of $10,000 plus $375, the costs of the license had it been legally procured the day of the fight.

    2) Statutory damages pursuant to 47 U.S.C. § 605(a)(3)(C)(ii), as a result of defendants' committing the relevant acts willfully and for direct or indirect commercial advantage in the amount of $10,000.

CIVIL 04-2099 (JAG)				5

3) Attorney's fees in the amount of $2,700 and costs in the amount of $280, for a total of $2,980.

Therefore judgment hereby enters in favor of plaintiff and against the captioned defendants in the amount of TWENTY-THREE THOUSAND THREE HUNDRED AND FIFTY-FIVE DOLLARS ($23,355).

Because defendants are defaulted, the court is invited to adopt this report and recommendation as unopposed and enter judgment accordingly.

In San Juan, Puerto Rico, this 29th day of March, 2005.

					S/ JUSTO ARENAS
				Chief United States Magistrate Judge